**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Justin T. Quinn |
| | : | |
| v. | : | 26-mj-6020 (JTQ) |
| | : | |
| MARKESE MCCLAIN | : | **CRIMINAL COMPLAINT** |

I, Stephen Rabena, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

**SEE ATTACHMENT A**

I further state that I am a Special Agent with the Federal Bureau of Investigation, and that this complaint is based on the following facts:

**SEE ATTACHMENT B**

continued on the attached pages and made a part hereof.

*/s/ Stephen Rabena*
Stephen Rabena
Special Agent
Federal Bureau of Investigation

Attested to by telephone pursuant
to Fed. R. Crim. P. 4.1(b)(2)(A) on
June 3, 2026 in Trenton, New Jersey

Hon. Justin T. Quinn
United States Magistrate Judge

# ATTACHMENT A

**(Possession of a Firearm by a Convicted Felon)**

On or about April 8, 2026, in Mercer County, in the District of New Jersey and elsewhere, the defendant,

**MARKESE MCCLAIN**,

knowing that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm, namely, a Colt D.A. 38 bearing serial number 97198, and the firearm was in and affecting commerce.

In violation of Title 18, United States Code, Section 922(g)(1).

**ATTACHMENT B**

I, Stephen Rabena, am a Special Agent of the Federal Bureau of Investigation ("FBI"). I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and items of evidence. Because this Affidavit is being submitted for a limited purpose, I have not set forth every fact that I know concerning this investigation. Where the contents of documents and the actions and statements of others are reported herein, they are reported in substance and in part, except where otherwise indicated. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1. On or about April 8, 2026, at approximately 6:38 p.m., two uniformed Trenton Police Department officers ("Officer-1" and "Officer-2") were patrolling near Hudson Street and Pearl Street, Trenton, New Jersey in a marked police vehicle (the "Patrol Vehicle"). The officers were patrolling this area due to recent escalating and ongoing conflict between gangs. Officer-2 was driving the Patrol Vehicle and Officer-1 was seated in the front passenger seat.

2. While traveling southbound on Hudson Street toward Hamilton Avenue, the officers observed a group of approximately six to seven individuals near 67 Hudson Street. Among the group was a male, later identified as Markese McClain ("McClain"), wearing a grey jacket, black pants, grey and black shoes, and a crossbody bag. McClain sat on a bicycle with his feet touching the ground.

3. As the Patrol Vehicle approached the intersection of Hudson Street and Pearl Street, at which 67 Hudson Street is located, members of the group noticed the Patrol Vehicle and alerted McClain. McClain then observed the officers and scanned the vicinity in what appeared to be an attempt to identify an escape route. Thereafter, McClain mounted his bicycle and began pedaling rapidly away from the Patrol Vehicle, toward Perdicaris Alley.

4. Officer-1 and Officer-2 followed McClain down Perdicaris Alley to observe McClain's actions. McClain stood on his bicycle's pedals and continued riding rapidly through Perdicaris Alley toward Tyler Street, away from the Patrol Vehicle. Then, while in Perdicaris Alley, McClain sat back down on his bicycle and reached toward his waistband with his right hand. Concurrently, McClain looked back in the direction of the Patrol Vehicle, observed the Patrol Vehicle, and brought his hand back to the handlebar. Next, McClain turned left onto Tyler Street, toward South Clinton Avenue.

5. McClain continued biking away from the Patrol Vehicle and reached into his waistband again. Both officers suspected McClain was attempting to retrieve a weapon. Officer-2 pulled the Patrol Vehicle parallel to McClain and commanded him to stop. McClain, however, disregarded the command and

continued to ride his bicycle away from the Patrol Vehicle. McClain was again commanded to stop, to which he failed to comply. When he reached the intersection of South Clinton and Tyler Street, McClain made a U-turn and biked back toward Perdicaris Alley.

6. Shortly thereafter, McClain again reached into his waistband and pulled out an object that Officer-1 recognized to be a firearm. McClain shifted the firearm, holding it on the right handlebar as he continued to pedal the bicycle. While still proceeding on Tyler Street toward Perdicaris Alley, Officer-1 saw McClain throw the firearm over a gated fence, into a locked alleyway between 117 and 119 Tyler Street. McClain continued on Tyler Street and turned onto Perdicaris Alley, heading toward Pearl Street. Officer-2 accelerated the Patrol Vehicle past McClain and then blocked McClain's path with the Patrol Vehicle.

7. While in Perdicaris Alley, Officer-1 exited the Patrol Vehicle, apprehended and handcuffed McClain, and placed McClain in the Patrol Vehicle. Officer-2 left Perdicaris Alley and retrieved the discarded firearm from the alleyway between 117 and 119 Tyler Street. The recovered firearm was identified as a Colt D.A. 38 revolver, bearing serial number 97198 (the "Firearm"). The Firearm was loaded with six rounds of ammunition.

8. The Firearm was manufactured outside of New Jersey and, therefore, traveled in interstate commerce prior to McClain's possession thereof on or about April 8, 2026.

9. I have reviewed the relevant criminal history records for McClain. That review revealed that McClain has numerous prior felony convictions in the State of New Jersey. For instance, on or about May 23, 2012, McClain was convicted in the Superior Court of New Jersey, Mercer County, of unlawful taking of means of conveyance, in violation of N.J.S.A. 2C:20-10(d). This crime is punishable by a term of imprisonment exceeding one year. For this conviction, McClain was originally sentenced to two years of probation. However, on or about May 30, 2014, McClain's probation was revoked and he was resentenced to an 18-month term of imprisonment.

10. On or about September 20, 2012, McClain was convicted in the Superior Court of New Jersey, Mercer County, of attempted burglary, in violation of N.J.S.A. 2C:5-1 and N.J.S.A. 2C:18-2(a)(1). This crime is punishable by a term of imprisonment exceeding one year. For this conviction, McClain was originally sentenced to three years of probation. However, on or about May 30, 2014, McClain's probation was revoked and he was resentenced to a four-year term of imprisonment.

11. On or about April 4, 2014, McClain was convicted in the Superior Court of New Jersey, Mercer County, of robbery, threatening another with or

purposely puts another in fear of immediate bodily injury, in violation of N.J.S.A. 2C:15-1(a)(2). This crime is punishable by a term of imprisonment exceeding one year. For this conviction, McClain was sentenced to an eight-year term of imprisonment.

12. On or about October 31, 2022, McClain was convicted in the Superior Court of New Jersey, Mercer County, of unlawful possession of a handgun, in violation of N.J.S.A. 2C:39-5(b)(1). This crime is punishable by a term of imprisonment exceeding one year. For this conviction, McClain was sentenced to a five-year term of imprisonment.